UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11931-RWZ

WARNER FABIAN

v.

STEVEN SILVA

MEMORANDUM OF DECISION AND ORDER

July 23, 2018

ZOBEL, S.D.J.

    Petitioner Warner Fabian, a state prisoner, pursuant to 28 U.S.C. § 2254, seeks habeas review of his 2013 convictions for assault and battery with a dangerous weapon causing serious injury and assault and battery causing serious injury. Petitioner asserts a single ground for relief. He claims ineffective assistance of counsel based on counsel's failure to develop the defense that he injured the victim only with his fists rather than with any dangerous weapon. Because the Massachusetts Appeals Court did not misapply the Strickland standard governing ineffective assistance claims, the petition is denied. Strickland v. Washington, 466 U.S. 668 (1984).

I.     **Background**

    On August 1, 2011, petitioner fought with his neighbor, Patrick Murphy. Petitioner's then-girlfriend, Jessica Ramos, informed petitioner that Murphy had screamed at her and thrown rocks at their car. Petitioner went next door to confront

Murphy, carrying a metal pole.  A heated argument and physical altercation ensued, and Murphy sustained serious injuries.  A grand jury thereafter indicted petitioner on four counts: assault and battery with a dangerous weapon causing serious injury in violation of Mass. Gen. Laws ch. 265 § 15A(c)(I); assault and battery causing serious injury in violation of Mass. Gen. Laws ch. 265 § 13A(b); assault and battery with a dangerous weapon in violation of Mass. Gen. Laws ch. 265 § 15A(b); and assault and battery in violation of Mass. Gen. Laws ch. 265 § 13A(a).

At trial, petitioner's defense was that he had acted in self-defense and that he had used only his fists, not the pole, against Murphy.  The Commonwealth's contrary position that petitioner had attacked Murphy with the pole was supported by the testimony of two of the five witnesses; the remaining three, including the victim's wife, saw only petitioner's punches.  Neither side employed an expert, and both invoked "common sense" closings as to whether the injuries were more consistent with having been caused by a fist or a pole.  A jury convicted petitioner on all four counts.

Fabian filed a timely appeal, then moved to stay that appeal while he filed a motion for a new trial.  On April 1, 2016, the trial court denied his motion for a new trial. Petitioner's appeal from the denial of that motion was consolidated with his direct appeal, both of which raised the instant claim of ineffective assistance of counsel.  On May 9, 2017, the Massachusetts Appeals Court affirmed the convictions for assault and battery with a dangerous weapon causing serious bodily injury and assault and battery causing serious bodily injury.[1]  Commonwealth v. Fabian, 86 N.E.3d 246, 2017 WL

---

[1] The Appeals Court vacated as duplicative the convictions for lesser-included offenses of assault and battery with a dangerous weapon and assault and battery.  Commonwealth v. Fabian, 86 N.E.3d 246, 2017 WL 1907134 at *3 (Mass. App. Ct. 2017) (unpublished table decision).

1907134 (Mass. App. Ct. 2017) (unpublished table decision).  Fabian's subsequent motion for further appellate review was denied by the Massachusetts Supreme Judicial Court in July 2017, which exhausted his state remedies.  He then filed a timely petition for a writ of habeas corpus in this court.

**II.    Standard of Review**

Petitioner's claim is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Under AEDPA, a federal court may grant relief to a state prisoner after exhaustion of state remedies only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d). The standard is objective, and even an erroneous or incorrect application of federal law is not necessarily unreasonable.  See McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002).  "[I]f it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application."  Id.

A federal court reviewing a habeas petition must presume that state court factual determinations are correct, and this presumption applies equally to the findings of state appellate and trial courts.  28 U.S.C. § 2254(e)(1); see Rashad v. Walsh, 300 F.3d 27, 35 (1st Cir. 2002).  The petitioner bears the burden of rebutting this presumption "by clear and convincing evidence."  Id.

**III.    Discussion**

Petitioner argues that his trial counsel's failure to develop the defense that he had not used a weapon against the victim fell below an objective standard for representation and, but for that failure, the result of the proceeding would have been different.  Specifically, he asserts that his counsel was constitutionally ineffective for his failure (1) to consult a forensic expert to opine on whether the victim's injuries were caused by a pole or a fist; and (2) to call his girlfriend as a percipient witness who would have testified that petitioner used only his fists.

To succeed on this claim, petitioner must show, first, that his lawyer "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment[,]" and, second, that counsel's deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  Courts must determine whether the acts or omissions at issue "were outside the wide range of professionally competent assistance," while strongly presuming that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

The Appeals Court analyzed petitioner's claims of ineffective assistance of counsel under Massachusetts law requiring a defendant to establish that his counsel's performance fell "measurably below [that] which might be expected from an ordinary fallible lawyer," and that "it has likely deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 315 N.E.2d 878, 883 (Mass. 1974).  This standard is at least as favorable to the defendant as the federal constitutional standard outlined in Strickland.   See Commonwealth v. Fuller, 475

N.E.2d 381, 385 n.3 (Mass. 1985); Evans v. Thompson, 518 F.3d 1, 12 n.7 (1st Cir. 2008). Therefore, the state court's adjudication of the merits is entitled to AEDPA deference. See Harrington v. Richter, 562 U.S. 86, 88 (2011).

Concluding that counsel had neither performed deficiently nor prejudiced the defense, the Appeals Court reasoned that

> [t]he defendant's girl friend was easily impeachable, and the "strategic and tactical" decision not to call her was not "manifestly unreasonable." Moreover, defense counsel strongly put forth the defense that the defendant did not use the pole in the fight. He effectively cross-examined the two witnesses who testified that they saw the defendant use the pole. The pathologist that appellate counsel consulted also could not opine that all of the victim's injuries were not likely caused by the pole, which might have weakened the defense if presented at trial.

Fabian, 86 N.E.3d 246, 2017 WL 1907134 at *3. This does not constitute an unreasonable application of federal law, and petitioner's sole ground for relief thus fails. See Strickland, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

**IV.  Conclusion**

For the foregoing reasons, the petition for Writ of Habeas Corpus (Docket # 1) is denied. Judgment may be entered denying the writ.


    July 23, 2018                                   /s/Rya W. Zobel
         DATE                                         RYA W. ZOBEL
                                            SENIOR UNITED STATES DISTRICT JUDGE